IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

CHRISTOPHER ALAN RAMIREZ,



V.                              CRIMINAL NO: 4:06-cr-00380-1


UNITED STATES OF AMERICA,/


MOTION SEEKING HABEAS CORPUS RELIEF BY WAY
28 U.S.C. § 2255(e) & (f)(3).

---------------------------------------------------------------

Comes Now Mr. Ramirez, pro se requesting that the above captioned be granted for the below listed reasons:

Mr. Ramirez was charged with seven (7) Counts by the way of indictment.  On October 18, 2006.

Count 1, Possession of a Firearm by a Convicted Felon.  Under Title 18 U.S.C. § 922(g)(1) & 924(a)(2);

Count 2, Possession of a Modified Shotgun which was not Registered.  Under Title 26 U.S.C. § 5861(d) and 5871.

Count 3, Possession with intent to distribute 50 grams or more of a detectable amount of methamphetamine.  Under Title 21 U.S.C.§ 841(a)(1) and (b)(1)(B)(vii) and 18 U.S.C. § 2.

Count 4, Possession with Intent to Distribute a Controlled Substance containing a Detectable Amount of Tetrahydrocannabinol.  Under Title 21 U.S.C. § 841(a)(1) and (b)(1)(C).

Count 5, Possession with Intendt to Distribute a Controlled Substance involving less than 50 Kilograms of Marijuana.  Under Title 21 U.S.C. § (a)(1) and (b)(1)(D).

1

Count 6, Use and Carry of a Firearm during or in relation to a drug trafficking crime. Under Title 18 U.S.C. § 924(c)(1)(A).

Count 7, Did Conspire to Possess with Intent to Distribute a Controlled Substance involving 50 grams or more of a mixture and substance containing methaphetamine. Under Title 21 U.S.C.§ 846, 841(a)(1) and (b)(1)(B).

On 6/27/2007, Mr. Ramirez entered into a plea agreement in Open Court to Counts 3, & 6, of the indictment. On 3/25/2008, Mr. Ramirez was sentenced to 151 months on Count 3, and 60 months as to Counts 6.

CONTENTION I.

Mr. Ramirez claims that under Henderson v. United States--- U.S. --- (2013) That his Due Process Right was denied at sentencing and on Direct Appeal. For in Henderson the Supreme Court resolved a circuit split over the interpretation of the plain error rule. Mr. Ramirez asserts that his conviction was not final when the Supreme Court announced the "new rule" in Watson v. United States --- U.S.--- (2007).

For Mr. Ramirez case was a "pipeline case" and his case was never reviewed to see if any meritful claim existed even after Mr. Ramirez had specifically told his attorney prior to entering into a guilty plea that he had just purchased that 9 millimeter handgun for "crack cocaine" prior to getting to the transaction spot to sell drugs to the undercover officer. See Attached Affidavit in Support Exhibit's (1) and (2).

Since Mr. Ramirez case was not final when the "new rule" in Watson, had been announced prior to sentencing and prior to his "direct appeal" See Griffith v. Kentucky, 479 U.S. 314, (1987) (that a new rule for the conduct of criminal prosecutions is to be applied retro-actively to all cases pending on direct review) his due process rights under the United States Constitution has been violated. For it is clear that Mr. Ramirez is "actually innocent" of the 60 month sentence he received for being in violation of 18 U.S.C. § 924(c) use or carry a firearm during or in relation to a crime of violence in Count 6.

CONTENTION II.

Mr. Ramirez claims that his Counsel was ineffective at sentencing when he failed to object to Count 6, in light of Watson v. United States, --- U.S. --- (2007), after his client specifically told him that he had just purchased the firearm for crack cocaine. This failure to object prejudiced Mr. Ramirez because he received a 60 month sentence.

Under Strickland v. Washington, 466 U.S. 668, 695, (1984)(claims of ineffectiveness at sentencing are governed by Strickland's general requirement that (1) counsel's performance be deficient, and (2) there is a reasonable probability that but for the attorney's error the outcome of the proceeding would have been different).

Under Glover v. United States, 531 U.S. 198 (2001)(in assessing whether counsel's deficient performance prejudiced a defendant, "any amount of actual jail time has Sixth Amendment significance").

Mr. Ramirez has asserted that (1) his counsel's performance at sentencing for failing to object to the 60 month sentence under 18 U.S.C.§ 924(c), after he had specifically told his attorney that he had just purchased the firearm from a dope fiend for crack just before being arrested, and his attorney failed to investigate this claim or defense prior to sentencing. See Gomez v. Beto, 462 F.2d 596, 597 (5th Cir. 1972) ("[W]hen a defense counsel fails to investigate his client's only possible defense, although requested to do so by him; and fails to subpoena witnesses in support of the defense, it can hardly be said that the defendant has had the effective assistance of counsel.") Mr. Ramirez points out that Watson, was decided on December 10, 2007, and that his sentencing hearing was not held until March 25, 2008. This means that his setencing counsel was aware of the Supreme Court decision along with his client's plea that he had purchased the gun just prior to

being arrested.  For had any investigation had been conducted,
counsel would have found that his client was not lying.  See
Attached Affidavit, and would have been able to subpoena a witness
to support and corraborate his clients defense under Watson.

(2)  Reasonable Probability that but for attorney's error the
outcome of the proceeding would have been different.  Mr. Ramirez
will now assert the reasonable probability standard is less demanding
than the preponderance of the evidence standard.  See Nix v. Whiteside,
___ U.S. --- (1986), also see Porter v. McCollum,--- U.S. --- (2009)
("We do not require a defendant to show 'that counsel's deficient
conduct more likely than not altered the outcome' of his penalty
proceeding.")  So that difference is that Mr. Ramirez due process
rights to a full and fair sentencing proceeding was violated under
the due process clause, because there would have been a record made,
a decision provided, and then Mr. Ramirez would have had the opportunity to
decided as to whether he would have wanted to appeal this specific
claim.  Which could also mean that his right to a "direct appeal"
was denied, and/or that his due process right on direct appeal was
denied due to this deficient performance of his attorney.

For this reason Mr. Ramirez contends that his counsel prejudiced him.  See
Nealy v. Cabana, 764 F.2d 1173, 1178 (5th Cir. 1985)(a defendant
need not show that counsel's deficient conduct more likely than not
altered the outcome of the case; instead, the question is whether
there is a reasonable probability, absent the error, the fact finder
would have had a reasonable doubt respecting guilt).  Therefore
Mr. Ramirez asserts there would have been a reasonable probability
that he woukd not have pled guilty to his 18 U.S.C. § 924(c) Count
in his indictment.

CONTENTION III.

Mr. Ramirez claims that his appeals counsel was ineffective
for filing a "Anders v. California, --- U.S. --- (1967)" brief
claiming that Mr. Ramirez had no merits for appeal, when Mr. Ramirez
had specifically told him that he had purchased the 9 millimeter
firearm for crack cocaine just prior to arriving to the transaction
spot where he sold drugs to an undercover officer during a controlled
buy operation.

Mr. Ramirez contends that his counsel was ineffective for filing
an Anders, brief when a non-frivolous issue under Watson v. United States,
--- U.S. --- (2007).  See Lombard v. Lynaugh, 868 F.2d 1475 (5th Cir.
1989)(Counsel was ineffective for filing Anders brief when non-frivolous
issues existed for appeal).

Mr. Ramirez contends that Watson claim was available to him while
he was on his direct appeal and his attorney failed to raise such a
claim.

Therefore Mr. Ramirez respectfully contends that his counsel
was deficient in his duties on direct appeal.  See United States v.
Williamson, 183 F.3d 458, 463-64 (5th Cir. 1999)(counsel's failure
to cite directly controlling precedent was ineffective assistance).
Also see United States v. Reinhart, 357 F.3d 521 (5th Cir. 2004)(appellate
counsel's failure to challenge enhancement for creating pornographic
video of children was ineffective assistance where tape was created
before conspiracy began).  For these two cases support Mr. Ramirez's
contention.

Which is that his counsel had available to him information as
well as Supreme Court precedent that could have been applied to
plain error standard under Rule 52(b) to see if a error and/or
sentencing error exist in this case and if substantial rights were
violated.

6

CONTENTION IV.

Counsel was ineffective at sentencing for failing to object to the P.S.I. reporter use of "Petty and misdemeanor offense" to add additional points to his Criminal History Category.

|           |                         |     |
|-----------|-------------------------|-----|
| 3-18-00   | Poss. Marijuana         | 1pt |
| 2-15-01   | Poss MDMA               | 2pt |
| 6-5-01    | Driving W/Susp Lic      | 2pt |
| 6-5-01    | Criminal Mischief       | 0pt |
| 1-15-02   | Evading Arrest          | 2pt |
| 3-8-02    | Possession of Marijuana | 2pt |
| 10-2-02   | "        "        "      | 0pt |
| 6-18-03   | Harrassment             | 1pt |
| 1-22-04   | Poss Marijuana          | 1pt |
| 11-23-04  | Poss Marijuana          | 1pt |
| 12-13-04  | Criminal Trespass       | 2pt |

Counsel failed to object to the use of my Driving W/Susp License on 6-5-01, my Simple Possession of Marijuana on 3-18-00, 3-8-02, on 1-22-04, and 11-23-04, and my Harrassment charge on 6-18-03.

For had my counsel objected to these cases and argued that these were misdemeanor/petty charges, my total Criminal History Category would be III instead of VI and my total Offense Level of 29 would have given me 108 to 135 months if imprisonment instead of 151 to 188 months.

In Glover v. United Stated, 531 U.S. 198 (2001) (in assessing whether Counsel's deficient performance prejudiced a defendant, "Any amount of actual jail time had Sixth Amendment significance"). See United states v. Otero, 502 F.3d 331 (3rd

The U.S. Senate Judiciary Committee delayed its consideration of these bills until January 7 of 2014. In January of 2014 the U.S. Senate Judiciary Committee considered the bill and approved it. They passed it on for further consideration by Congress.

The Smarter Sentencing Act is the Mandatory Minimum Sentencing Reform Bill that Eric Holder, President Obama, and other Lawmakers will be focusing on in 2014. If passed into law, it would benefit thousands of non-violent federal drug offenders (i.e. Mr. Martinez) facing Mandatory Minimum sentences (and some federal crack offenders who are already in federal prison).

Mr. Martinez seeks the application of this law, along with the 2 point reduction for all drug cases being considered by the Sentencing Commission.

Mr. Ramirez request that his case be held in abeyance to the passing of S.B. 1410.

Executed on: 2/12/14

Respectfully Submitted

/S/

Exhibit 1

## AFFIDAVIT IN SUPPORT

CHRISTOPHER A. RAMIREZ declares under the penalty of perjury:

1)   That on September 13, 2006, on 7357 Stanwick, located in Houston, Texas, I Christopher A. Ramirez, was on my way inside to obtain some crack cocaine for a dope fiend in order to purchase a Glock, Model 26. 9 Millimeter Caliber firearm, when Natalie pulled up to the house.  At this time I also advised, Sarah M. Gutierrez, of my intentions of purchasing the firearm.

2)   That because Natalie pulled up to the house I also went to obtain the Meth that Natalie had requested for purchase.

3)   That I then went outside to leave with Natalie to sell the meth and to purchase the above said Glock from the dope fiend for some crack.

4)   That once inside the car I aquired the firearm from the dope fiend to ride with me so that I would not leave him alone with Sarah and my Child.

5)   That at the transaction spot the dope fiend was arrested for smoking crack cocaine inside the car.

6)   That I told the officer I had found the said firearm in a ditch because I did not want to snitch on the dope fiend. However, I did tell my attorney James Ray Alston, this specific and exact story prior to entering into a guilty plea and prior to my being sentence.  At which time my attorney told me that none of that mattered.

7)   That due to my attorney's advising me not to object to anything in court, so as not to upset the judge or prosecutor, I trusted in him and did as I was told.

ANYTHING FURTHER I SAYETH NOT.

Executed On: 1/24/2014

/s/ _____
Christopher A. Ramirez

        Pursuant to 28 U.S.C. § 1748, I declare under the penalty of perjury that the foregoing is true and correct to the best of my personal knowledge.

1-22-2014

KNECO JONES
Notary Public, State of Texas
My Commission Expires
May 18, 2016

(Exhibit-2)

Exhibit 2

# AFFIDAVIT IN SUPPORT

SARAH M. GUTIERREZ declares under penalty of perjury:

1. I am Sarah M. Gutierrez,  I make this declaration.

2. That on September 13, 2006, I did take numerous guns from a closet at, 7357 Stanwick, in Houston,  Texas  and placed them in different locations around the house just before it was raided by the police due to a drug transaction made by Christopher A. Ramirez.

3. That also on September 13, 2006, my then common-law husband, Christopher A. Ramirez, did tell me that he was buying a gun from this dope fiend named Craig for crack cocaine.

Pursuant to 28 U.S.C. 1746, I declare under the penalty of perjury that the foregoing is true and correct to the best of my personal knowledge.

ANYTHING FURTHER I SAYETH NOT.

/S/ _Sarah_ _____

Sarah M. Gutierrez


State of Texas
County of Harris

Sworn to before me this _____ 10 th _____ day of January, 2014.

Notary Public's Signature

ROSARIO RUBIO KHORAIZAT
My Commission Expires
April 28, 2017

(Exhibit - D)