**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. H-06-380-1 |
| | § | CIVIL ACTION NO. H-14-413 |
| CHRISTOPHER ALAN RAMIREZ, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

The defendant, Christopher A. Ramirez, has moved for habeas relief under 28 U.S.C. § 2255, challenging the 2008 conviction resulting from his guilty plea to two counts of a seven-count indictment. Ramirez was charged with firearms violations, including for using a firearm in relation to a drug-trafficking offense, in violation of 18 U.S.C. § 924(c), and with drug trafficking, in violation of 18 U.S.C. § 841. Ramirez also challenges the 211-month sentence he received, which included the 60 consecutive months required for the § 924(c) conviction. Ramirez's written plea agreement contained a waiver of appellate and collateral-challenge rights. His direct appeal, consisting of a brief filed under *Anders v. California*, 386 U.S. 738 (1967), resulted in a dismissal. The judgment became final in November 2009. This § 2255 motion was filed in February 2014. The government has moved to dismiss the petition as barred by the one-year statute of limitations under AEDPA, 28 U.S.C. § 2255(f), or for an extension of time to move for summary judgment based on the plea agreement's waiver of the right to challenge the conviction or sentence. (Docket Entry No. 159). Ramirez has responded to the government's motion. (Docket Entry No. 161). Ramirez argues that his § 2255 motion is timely because he filed it within one year after the

Supreme Court decided *Henderson v. United States*, 133 S. Ct. 1121 (2013).  Ramirez claims that this case resolved a circuit split on interpreting plain error under Fed. R. Crim. P. 52(b).  He argues that after *Henderson* was decided, he had a year to raise a claim that this court committed plain error in sentencing him years earlier because *Watson v. United States*, 522 U.S. 579 (2007), a case already decided when he was sentenced, had changed the elements of a firearms violation under 18 U.S.C. § 924(c), a change ignored by all the parties and this court when Ramirez pleaded guilty and was sentenced.

Based on the pleadings, the motion to dismiss, the response, the record, and the applicable law, the court finds that this § 2255 petition is barred by the one-year limitations period under AEDPA and that *Henderson* does not provide a basis to extend the time.  The civil case, H-14cv413, is dismissed, with prejudice, and final judgment is entered.  The motion to dismiss in the criminal case, H-06-cr-380, is granted, and the motion for relief under § 2255 is denied.  The reasons are set out in detail below.

## I.    Background

On October 18, 2006, a federal grand jury in the Houston Division of the Southern District of Texas, issued a seven-count indictment against Ramirez.  He was charged with being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (count 1); possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5861(d) and 5871 (count 2); aiding and abetting the possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C.  § 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2 (count 3); possession with intent to distribute tetrahydrocannabinol, in violation of 21 U.S.C.§ 84l(a)(l) and (b)(l)(C) (count four); possession with intent to distribute less than 50 kilograms of marijuana, in violation of 21 U.S.C.

§ 84l(a)(l) and (b)(l)(D) (count 5); using or carrying a firearm during and in relation to a drug

trafficking crime, in violation of 18 U.S.C. § 924(c)(l)(A) (count six); and conspiracy to possess with

intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846,

84l(a)(l) and (b)(l)(B) (count 7).

On June 21, 2007, Ramirez pleaded guilty to counts three and six under a plea agreement in

which he waived his rights to appeal or collaterally attack his sentence.  (Docket Entry No. 112, pp.

19-20; Docket Entry No. 56, ¶¶ 1 & 9 (plea agreement)).   The plea agreement contained the

following factual basis, which Ramirez agreed was both true and accurate:

Factual Basis for Guilty Plea

16.  Defendant is pleading guilty because he/she is guilty of the
charges contained in Counts THREE and SIX of the indictment.  If
this case were to proceed to trial, the United States could prove each
element of the offense beyond a reasonable doubt.  The following
facts, among others would be offered to establish the Defendant's guilt:

On September 13, 2006, Houston Police Department Officer Brent
Batts, in an undercover capacity, arranged a purchase of four ounces
of methamphetamine for $4,400.00 with a female identified as
Natalie Salinas.   During previous undercover purchases of
methamphetamine from Salinas, officers identified 7357 Stanwick,
Houston, Southern District of Texas, as the possible location for her
drug supplier.  On September 13, 2006, after Batts had set the deal up
with Salinas, surveillance officers at 7357 Stanwick observed Salinas
arrive at that location and then leave with a male later identified as
Christopher Alan Ramirez and another individual later identified as
Craig Johnson.  Approximately 30 minutes later, Salinas, Ramirez,
and Johnson arrived at the predetermined meeting location at a
Chili's Restaurant on the 10500 block of the Northwest Freeway in
Houston, Southern District of Texas.  When Ramirez and Salinas
approached Batts in the restaurant, they engaged in conversation.
Ramirez affirmed to Batts that he (Ramirez) was capable of getting
one pound of methamphetamine.  Ramirez also affirmed that he sold
ecstasy, powder cocaine, and marijuana.  When Batts asked Ramirez
if Ramirez had the prearranged four ounces of methamphetamine,
Ramirez stated that it was in Salinas's purse and then ordered Salinas

to show Batts the methamphetamine.  When Salinas opened her purse, Batts observed two large clear bags with a crystal like substance within.  After Batts left to use the restroom, he gave a prearranged bust signal and Salinas and Ramirez were arrested. During a search incident to arrest, officers discovered a loaded Glock, mode 126, 9 millimeter caliber pistol, serial number GPY832 in the defendant's left front shorts pocket.   Officers also discovered approximately 116 grams of suspected methamphetamine from the purse of Salinas.  After Salinas was read her Miranda warnings, she waived them and spoke with officers.  Salinas stated that after arranging the narcotics transaction with undercover officer Batts, Salinas went to Ramirez's house and then accompanied him to the transaction with Batts.  Salinas stated that Ramirez retrieved the four ounces of methamphetamine from his residence and handed it to her, requesting that she put the methamphetamine in her purse.

On September 15, 2006, S/ A Anthony Johnston and Graham Wright of the Bureau of Alcohol, Tobacco, Firearms, and Explosives advised Ramirez of his Miranda warnings and conducted an interview. Ramirez stated that he had been selling drugs for 1 ½ to 2 ½ years. Ramirez stated that he had the Glock pistol with him to "scare people" but that he had it on September 13, 2006 for safety and protection.

(Docket Entry No. 56, ¶ 16).

Lab results revealed that the substance found in Salinas's purse was 110.9 grams of a mixture and substance containing methamphetamine.  The Glock pistol found on Ramirez met the statutory definition of a "firearm" under 18 U.S.C. § 921(a)(3).  A criminal history check of Ramirez revealed at least two prior felony convictions punishable by more than one year in prison, including a conviction imposed on June 5, 2001, in the 262nd District Court of Harris County, Texas, for possession of 3,4 methylenedioxy methamphetamine.

Ramirez's plea agreement contained the following waiver of appellate and collateral-challenge rights:

Waiver of Appeal

9.   Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  The defendant agrees to waive the right to appeal his convictions and the sentences imposed or the manner in which it was determined on any grounds set forth in Title 18 U.S.C. § 3742.  Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant waives the right to contest his conviction or sentence by means of any post-conviction proceeding.

(Docket Entry No. 56, ¶ 9).

In the plea agreement addendum, attached to the plea agreement, Ramirez also signed an

additional statement, as follows:

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me.  My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case.  I have read and carefully reviewed every part of this plea agreement with my attorney.  I understand this agreement and I voluntarily agree to its terms.

(*Id*. at 14).

At the rearraignment hearing on June 21, 2007, the court followed Rule 11 of the Federal

Rules of Criminal Procedure and thoroughly reviewed with Ramirez the rights he was giving up by

pleading guilty and by entering into the plea agreement.  The court admonished Ramirez as to the

consequences of pleading guilty and entering the plea agreement.  The court examined Ramirez to

ensure that his decision to plead guilty and enter the plea agreement was voluntary, knowing, and

informed, and had been arrived at after ample opportunity to consult with counsel.  Ramirez swore,

under oath, that he understood the admonishments and advice, and his answers to the questions led

the court to find that his plea was voluntary, knowing, and informed.  (Docket Entry No. 112, pp.

2-26).

The court specifically and additionally reviewed with Ramirez the waiver of rights to appeal and collaterally attack the judgment:

> THE COURT:   Under the plea agreement, you're really stuck [with the sentence that would later be imposed], because you're giving up your right to file an appeal or a later challenge to the  sentence that I impose, except in some very narrow circumstances.   Do you understand that that means that whatever sentence you get, particularly if it is within the statute and within the guidelines, there would be nothing you could do about it?
>
> THE DEFENDANT: Yes, ma'am.

(*Id*. at 19-20).  The court accepted Ramirez's plea and plea agreement.

At sentencing, the PSR calculated Ramirez's total offense level as 29 and his criminal history category as VI, which included two added points based on the fact that he committed the offenses at issue less than two years after he had been released from custody.  The guideline range for count three was 151 to 188 months, not including the five-year consecutive term on count six.  Ramirez was sentenced to 151 months on count three and 60 months on count six, to be served consecutively as required by the statute, for a total term of 211 months.

On March 25, 2008, Ramirez was sentenced to 151 months as to count 3 and a consecutive 60 months as to count 6, for a total of 211 months.  (Docket Entry No. 100, p. 2).  Ramirez's appellate counsel filed a timely brief under *Anders v. California*, 386 U.S. 738 (1967), and moved for leave to withdraw.  (Docket Entry No. 126).  On July 6, 2009, the court of appeals found that its "independent review of the record and counsel's brief discloses no nonfrivolous issue for appeal," granted counsel's motion for leave to withdraw, and dismissed the appeal. (Docket Entry No. 125). Ramirez did not seek a petition for certiorari in the Supreme Court.  His  judgment became final on November 4, 2009, when the time for doing so expired. *See Clay v. United States*, 537 U.S. 522,

527 (2003).  This § 2255 motion was filed in February 2014.  Absent equitable tolling or a basis for extension, the motion was filed over four years after the statute of limitations had expired.

**II.     Analysis**

The government moves to dismiss Ramirez's § 2255 motion with prejudice because it was filed too late.  The issue is whether there is any basis to extend the time for Ramirez to file this motion up to February 2014.  There is not.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) has a one-year limitation period for filing federal habeas corpus petitions:

The limitations period shall run from the latest of –

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Ramirez argues in his memorandum in support of his § 2255 motion that *Watson v. United States*, 552 U.S. 74 (2007), stated a "new rule of law" that Ramirez asserts applies to his § 924(c) conviction on count six.  Ramirez invokes § 2255(f)(3) to argue that the *Watson* decision, in combination with the *Henderson* decision, recognized a new right recognized by the Supreme Court

that was made retroactively applicable to cases on collateral review.  He asserts that the application of these cases means that he is "actually innocent" of the crime he was charged with, using or carrying a gun.  Ramirez argues that the retroactive application of these two Supreme Court cases tolled the running of the one-year statute of limitations until the Supreme Court recognized the new right, that is, on the date *Henderson* was decided.

Ramirez's arguments are unpersuasive.  First, *Watson* does not apply as Ramirez argues. *Watson* addressed the "uses" provision of § 924(c), which prescribes a mandatory minimum five-year sentence for any person "who, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who in furtherance of any such crime, possesses a firearm. . . ."  18 U.S.C. § 924(c)(1)(A) (2010).  In *Watson*, the Supreme Court held that under § 924(c), a defendant who receives a gun as payment for drugs does not "use" the gun.  *Watson*, 552 U.S. at 83.  Because the defendant in *Watson* was charged under the "uses" prong of § 924(c) and not the "carries" or "possesses" prongs, the Court did not address whether receiving a gun as payment for drugs could support a conviction for carrying or possessing a gun "in furtherance of" drug trafficking.  *Id*. In 2009, years after *Watson* was decided, Ramirez was convicted of carrying (not using) a gun in relation to a drug-trafficking offense that was based on selling drugs for money (not trading a gun for drugs).  *See* Rearraignment and Plea Agreement (Docket Entry No. 56, ¶ 16) ("Ramirez stated that he had the Glock pistol with him to "scare people" but that he had it on September 13, 2006 for safety and protection.").  *Watson* is clearly distinguishable from the present case.  Given the factual and legal differences, *Watson* clearly does not state a new "right" that is relevant to the charge Ramirez faced for carrying or possessing a gun in furtherance of a drug-trafficking offense that involved a drugs-for-money transaction.  *Watson* did not confer a new "right" on Ramirez that made

him "actually innocent" of carrying a gun in the course of a drug-trafficking offense involving drugs-for-money. *Watson* does not serve to delay the beginning of the one-year limitations period under § 2255(f)(1). Because *Watson* does not apply, *Henderson* is irrelevant.

Nor is there any basis to find that the limitations period is equitably tolled. *See Fisher v. Johnson*, 174 F.3d 710, 711 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "[E]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). Ramirez has failed to show that equitable tolling applies. The Fifth Circuit has held that a prisoner's *pro se* status does not excuse an untimely federal habeas corpus petition. *See Lookingbill v. Cockrell,* 293 F.3d 256, 264 n.13 (5th Cir. 2002); *see also United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993) (holding that *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ). The movant's incarceration and ignorance of the law do not otherwise excuse his failure to file a timely motion and are not grounds for equitable tolling. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *see also Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir. 2003) (noting that a movant's ignorance or mistake is insufficient to warrant equitable tolling). Ramirez does not otherwise establish that he has been pursuing his rights diligently or that some extraordinary circumstance stood in his way of filing a timely § 2255 motion. He fails to establish that an equitable exception applies. *Petty,* 530 F.3d at 365. His pending motion for relief under § 2255 must be dismissed as untimely filed.

## III.    Certificate of Appealability

Under  28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson,* 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A district court may deny a certificate of appealability on its own, without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).

For the reasons stated above, the court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the defendant has a valid claim. A certificate of appealability will not issue.

**IV.    Conclusion and Order**

Ramirez's § 2255 motion (Docket Entries Nos. 151, 152) and the corresponding civil action (H-14cv413) are dismissed with prejudice.  The government's motion to dismiss based on the one-year statute of limitations, (Docket Entry No. 159), is granted.  Ramirez's Motion for Discovery, (Docket Entry No. 155), is denied as moot.  Any remaining pending motions are denied as moot.  A certificate of appealability is denied.

SIGNED on July 22, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge